■ L. CHESTER GLASER, Respondent, v. DANIEL A. SHIRK et al., Defendants, ARTHUR G. ADAMS, Appellant, and HAROLD HERMAN et al., Respondents.— Order, entered on November 7, 1962, unanimously affirmed, with $20 costs and disbursements to respondents. No opinion. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY FIORE, Appellant.— Order, entered on July 29, 1960, denying without a hearing petitioner's motion in the nature of writ of error *coram nobis,* with reference to a 1957 conviction for robbery in the first degree and attempted murder in the first degree, unanimously affirmed. A delay in sentence after plea of guilty is not justified if its only, or principal, purpose is to coerce the pleading defendant to co-operate in the prosecution of other defendants. But the remedy for such wrongful delay is not proceedings in the nature of *coram nobis* subsequent to sentence. Such remedy, if it were otherwise logically applicable, which it is not, would result either in the nullification, for a four months' delay, of all the criminal proceedings against the pleading defendant, or, in the remanding of defendant for resentence, which would only prejudice the defendant further. *People ex rel. Harty* v. *Fay* (10 N Y 2d 374) is distinguishable. That case arose in *habeas corpus* and involved a delay of six years, nine months. A pleading defendant who believes sentence is being unjustly and wrongfully delayed, with or without a prior demand for sentence, must utilize whatever preconviction remedies exist, whether it be by formal motion or by special proceedings extrinsic to the criminal proceeding. It must be emphasizedd, however, that there may be many reasonable grounds for a delay in sentence, including the necessity for achieving an equitable balance among the sentences imposed on several defendants involved in the same crime. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.